Geri N. Kahn, Cal. Bar #148536
400 Montgomery Street, Suite 810
San Francisco, CA 94104
Tel. (415) 397-5446
Fax (415) 392-8208
Email:  gkahn@pacbell.net

Attorney for Rajendra Prasad

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Rajendra Prasad,** | Civil No.  C07 2741 PJH |
| **Plaintiff,** | **PETITION FOR HEARING ON NATURALIZATION APPLICATION PURSUANT TO 8 USC SECTION 1447(b)** |
| vs. | |
| **Department of Homeland Security, Michael Chertoff, Secretary; US Attorney General, Alberto R. Gonzales; United States Citizenship and Immigration Services, Emilio T. Gonzalez, Director; United States Citizenship and Immigration Services, Alfonso Aguilar, Chief; United States Citizenship and Immigration Services, Rosemary Melville, District Director and Robert Mueller, III, Director of Federal Bureau of Investigation** | USCIS Case No.: A70 138 745 |
| **Defendants.** | |

Plaintiff, by his attorney, complaining of Defendants, alleges as follows:

1. Plaintiff is an individual and resident of the United States who resides in the jurisdiction of this Court.  Plaintiff's claim to naturalization arises under 8 United States Code (hereinafter "USC") Section 1421.

2. Defendant Michael Chertoff is the Secretary of the Department of Homeland Security (hereinafter "DHS").  Defendant Alberto R. Gonzales is the Attorney General of the United States.  Defendant Emilio T. Gonzalez is the Director of the United States

Petition for Hearing on Naturalization Application- 1

1  Citizenship and Immigration Services (hereinafter "USCIS").  Defendant Alfonso
2  Aguilar is the Chief of the Office of Citizenship in USCIS.  Defendant Rosemary
3  Melville is the District Director of the San Francisco district office of the USCIS.
4  Defendant Robert S. Mueller, III, is Director of the Federal Bureau of Investigations
5  (FBI), the law enforcement agency that conducts security clearances for other U.S.
6  government agencies, such as the Department of Homeland Security.  All Defendants
7  are sued herein in their official capacities.  Defendants are responsible for the grant or
8  denial of naturalization applications filed with the San Francisco USCIS district
9  pursuant to 8 USC Sections 1421, 1427 and 8 Code of Federal Regulations (hereinafter
10 "CFR") Sections 2.1, 103.1(b), 310.2, 316.3.

3. The Court has jurisdiction of this action pursuant to 8 USC Sections 1447(b) and 2201.
4. On or about July 11, 2002, Plaintiff filed his application for naturalization with USCIS.
5. On or about March 21, 2003 Defendants and their designated agent examined Plaintiff on his application at the Oakland office of the San Francisco District office of USCIS.
6. At his examination, Defendants' agent told Plaintiff that he passed his examination.  He was told that his case could not be approved at that time because the required background checks had not yet been completed.
7. In December 2004, Mr. Prasad went to CIS in San Francisco to inquire about his case. He also wrote to his Congressional representative, George Miller, about the delay in adjudicating his naturalization application. In January 2005, Plaintiff received a letter from David Still, the former District Director of CIS, which indicated that his case was pending due to background checks.  In bold type, the letter emphasized that it was not unusual for background checks to take over six months; it was also noted that he was interviewed on March 21, 2003.

8. In March 2005, Plaintiff received another letter in response to his status check which contained the same information.
9. In September 2005, Plaintiff went to the CIS office in Oakland to inquire about the status of his case. An officer gave him a letter which indicated that he could email the FBI about the status of his name check. The letter also indicated that he should inquire with CIS if more than 90 days had passed after his interview if had not heard about his name check. Plaintiff tried to email the FBI but did not receive a response.
10. On January 3, 2006, Plaintiff wrote to CIS and checked on the status of his case. In response, he received a generic fact sheet about FBI name checks.
11. On October 10, 2006, Plaintiff checked on the status of his case again. He received a standard form response indicating that his case remained open due to background checks.
12. Mr. Prasad submitted a Freedom of Information Act Request directly to the FBI on February 2, 2007. This request is still pending.
13. On April 24, 2007, Plaintiff's counsel sent a letter to Rosemary Melville, District Director of the San Francisco District office inquiring into the status of this case and informing her that if no response were received within a month, Plaintiff would file this action. Plaintiff's counsel received a form response back indicating that Plaintiff's application was still pending due to background checks and then any future inquiries for cases pending outside normal processing times should be addressed to the National Customer Service Center.
14. Plaintiff understands the necessity of a background check but he was examined more than four and a half years ago and Defendants have made no decision on Plaintiff's application. Defendants have been unable to provide any estimate as to when they will adjudicate his application and they allege that they cannot adjudicate it until the

background checks have been completed. It is Plaintiff's position that four and a half years is more than a reasonable amount of time in which to conduct background checks in his case.

15. Plaintiff has no arrests or convictions anywhere in the world.

16. Plaintiff has been severely prejudiced by the lack of adjudication in his case. He has submitted numerous inquiries to CIS, some in person and some by mail and has lost time from work while wasting his time at CIS. He has had to wait four and a half years for a decision which should have been made years ago. Recently, when traveling abroad, he was stopped on the way back and questioned by Immigration Customs and Enforcement officers. When asked why he had not yet become a citizen, and thus could avoid long delays at the airport, Plaintiff had to politely inform them that he has been trying to for a long time and asked them to check their own computer database.

17. Mr. Prasad would like to be a U.S. citizen so that he may have ease of travel and also for the same reason others want to be– for the right to vote. Finally, he would like the peace of mind of receiving a final decision on his application.

18. The Defendants' failure to make a determination of Plaintiff's application within 120 days after his examination allows Plaintiff to bring the matter to this Court for a hearing pursuant to 8 USC Section 1447(b).

19. Plaintiff desires a judicial determination of his naturalization application and a declaration that he is entitled to be naturalized as a citizen of the United States.

WHEREFORE, Plaintiff prays that:

1. The Court will hear Plaintiff's case and render a declaratory judgment that he is entitled to be naturalized, and

2. The Court grants such further relief as may be just, lawful and equitable to the premises.

Dated this 24th day of May, 2007

/s/

Geri N. Kahn
400 Montgomery Street,
Suite 810
San Francisco, CA 94104

Petition for Hearing on Naturalization Application- 5